# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

ROBERT J. WAGONER,  )
         Plaintiff,  )
         vs.  )    CAUSE NO. 3:17CV878-PPS
DOCTOR MATHEWS,  )
         Defendant.  )

## OPINION AND ORDER

Robert J. Wagoner, a prisoner without a lawyer, filed an amended complaint against Dr. Mathews alleging that he was denied medication needed to treat a variety of medical conditions. (ECF 4). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wagoner suffered a stroke and two heart attacks prior to his incarceration. He also suffers from a thyroid disorder and bi-polar disorder. Prior to his incarceration, a doctor with the Veteran's Administration prescribed a regimen of 13 separate medications to manage his various health problems. Wagoner alleges that, since his incarceration, he has not received this same regimen of medications, and his health (both physical and mental)

has suffered because of it. He further alleges that he has pled with doctors at the Elkhart County Jail, including Dr. Mathews, to begin prescribing the medications he was taking prior to his incarceration. He asserts that he felt good when taking those medications and, without them, he has felt ill and has had a "hair trigger" temper, resulting in altercations with both other inmates and staff.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). A "disagreement with medical professionals [does not] state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble*." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). While Wagoner is not entitled to receive the precise medication regimen that he received prior to his incarceration, he is entitled to adequate medical are. Here, it can be plausibly inferred that he is not receiving medication sufficient to treat his various serious medical conditions. Accepting the complaint as true, and giving Wagoner the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, Wagoner has plausibly stated a claim

that Doctor Mathews was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Wagoner also complains about the $15 fee required to receive medical treatment at the Elkhart County Jail. The constitution, however, does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

ACCORDINGLY, the court:

(1) **GRANTS** Robert J. Wagoner leave to proceed against Doctor Mathews in his individual capacity for compensatory damages for denying necessary medication to treat Wagoner's various health conditions while housed at the Elkhart County Jail, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Doctor Mathew at the Elkhart County Jail with a copy of this order and the amended complaint (ECF 4) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Doctor Mathews respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: December 18, 2017

    /s/ Philip P. Simon
Judge
United States District Court